In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11139

Non-Argument Calendar

_____

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

*versus*

MCC INTERNATIONAL CORP.,
d.b.a. Mining Capital Coin Corp., et al.,

Defendants,

LUIZ CARLOS CAPUCI, JR.,
a.k.a. Junior Caputti,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:22-cv-14129-KMM

_____

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Luiz Carlos Capuci, Jr. appeals from the district court's two March 8, 2023, orders granting the Security and Exchange Commission's ("SEC") motion to allow alternate service and explaining the court's June 17, 2022, paperless order granting the SEC's motion for a preliminary injunction. These are not final and appealable orders because the district court has not yet resolved the rights and liabilities of all the parties and did not certify either order for immediate appeal. *See* 28 U.S.C. § 1291; Fed. R. Civ. P. 54(b); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). However, in his notice of appeal, Capuci states that the alternate service order is immediately appealable under the collateral order doctrine and pendent appellate jurisdiction. As to the appeal from the alternate service order, the SEC moves to dismiss it for lack of jurisdiction and moves for summary affirmance.

The alternate service order is not appealable under the collateral order doctrine because a challenge of the district court's

exercise of personal jurisdiction based on service of process can be vindicated following final judgment. *See Plaintiff A v. Schair*, 744 F.3d 1247, 125252 (11th Cir. 2014); *Van Cauwenberghe v. Biard*, 486 U.S. 517, 526-27 (1988). It is also not appealable under pendent appellate jurisdiction because the relevant issue otherwise on appeal is whether the district court erred in granting a preliminary injunction before service of process. *See Jones v. Fransen*, 857 F.3d 843, 850 (11th Cir. 2017); *Smith v. LePage*, 834 F.3d 1285, 1292 (11th Cir. 2016). To answer that question, we need not determine whether, nine months later, the district court was divested of jurisdiction to grant alternate service.

Further, the explanatory order is not an immediately appealable injunction order because it merely explained, but did not alter or modify, the preliminary injunction issued by the paperless order. *See* 28 U.S.C. § 1292(a)(1); *Birmingham Fire Fighters Ass'n 117 v. Jefferson County*, 280 F.3d 1289, 1292 (11th Cir. 2002); *Sierra Club v. Meiburg*, 296 F.3d 1021, 1029 (11th Cir. 2002). However, we may consider the district court's explanation in reviewing appeal No. 22-12281, which was taken directly from the paperless order issuing the preliminary injunction. Because the first appeal was fully briefed before the explanatory order was issued and this appeal is now fully briefed, the parties' briefs from this appeal will be docketed in the first appeal to aid our review.

Accordingly, the SEC's motion to dismiss the appeal of the alternate service order is GRANTED, this appeal is DISMISSED for lack of jurisdiction, and the motion to consolidate appeals is

4                    Opinion of the Court                    23-11139

DENIED as moot.  The SEC's request for summary affirmance is DENIED.  The clerk is ORDERED to docket the merits briefs from this appeal in appeal No. 22-12281.